IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWAYNE DAWSON,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3788
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On January 24, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 8.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 11.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 11) is **OVERRULED**. The Report and Recommendation (ECF No. 8) is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded guilty in the Pickaway County Court of Common Pleas to charges of involuntary manslaughter and trafficking in heroin. These charges stem from the death of Jessica Lillie, who died after she ingested heroin she obtained from the Petitioner. Pursuant to the terms of Petitioner's plea agreement, the prosecutor recommended that Petitioner be sentenced to three years imprisonment; however, the trial court imposed an aggregate term of twelve years. The state appellate court affirmed that judgment. The Ohio Supreme Court

declined to accept jurisdiction of the appeal. Petitioner also unsuccessfully pursued state collateral relief. Petitioner now asserts that his guilty plea violates due process because the record does not contain evidence establishing his guilt and the terms of his plea agreement indicated that he would be sentenced to a term of only three years (claim one); and that he was denied the effective assistance of trial counsel because his attorney did not object to the trial court's imposition of maximum terms of incarceration (claim two). The Magistrate Judge recommended dismissal of both of these claims as procedurally defaulted. Petitioner objects to that recommendation.

Petitioner maintains that the trial court ignored the explicit terms of his plea agreement in imposing sentence. He contends that the State could not establish that he provided the heroin causing death, in view of the lack of evidence of his DNA on the drugs. Petitioner seeks an evidentiary hearing to establish his claims.

Petitioner waived his claims by failing to raise them on direct appeal, where he had the representation of new counsel. Moreover, he has failed to establish cause for this procedural default. As discussed by the Magistrate Judge, the record indicates, despite Petitioner's argument to the contrary, that Petitioner signed a plea agreement reflecting that he understood that the trial court could impose the maximum term. Petitioner verified that he understood that he faced a maximum term of twelve years again at the time of his guilty plea hearing. Thus, no evidentiary hearing is required to resolve Petitioner's claims.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 11) is **OVERRULED**. The Report and Recommendation (ECF No. 8) is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

IT IS SO ORDERED.

                                          3-12-2020
                               EDMUND A. SARGUS, JR.
                               UNITED STATES DISTRICT JUDGE